MARY F. LASKY & another *vs.* THE ECONOMY GROCERY STORES.

Suffolk.     November 8, 1945. — February 28, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Sale,* Warranty, Transfer of title, Contract of sale. *Contract,* What constitutes.

To maintain an action for personal injuries caused by alleged breach of an implied warranty either of fitness or of merchantability of an article in the defendant's store, the customer must prove a sale or a contract of sale of the article.

A customer in a store could not maintain an action against the proprietor for alleged breach of an implied warranty either of fitness or of merchantability of a bottle of a carbonated beverage which burst and caused the plaintiff personal injuries as he was taking it from a counter in the store, where it appeared that under the system in use in the store, with which the customer was familiar, he was permitted to make his own selection from the counter but there was no transfer of title nor contract for the sale of the goods he selected until he afterwards had taken them to a cashier's counter and had paid for them.

TORT.     Writ in the Superior Court dated October 14, 1943.

The case was tried before *Dowd,* J.

*J. P. Sullivan,* (*A. F. Bickford* with him,) for the defendant.

*C. J. Dunn,* (*J. W. Cussen* with him,) for the plaintiffs.

RONAN, J.     This is an action of tort to recover damages for personal injuries sustained by Mary F. Lasky, hereinafter called the plaintiff, from the explosion of a bottle of a carbonated beverage described as "tonic" that she had taken from one of several wooden cases which had been set up in the defendant's store for the purpose of sale to customers who were willing to serve themselves by selecting the bottles they wished to purchase and by paying for them as they left the store.     The plaintiff had a verdict upon a count in the declaration alleging a breach of an implied warranty of fitness of a bottle of tonic supplied to her by

the defendant under a contract of sale, and upon another count alleging a breach of an implied warranty of merchantability of a bottle of tonic furnished to her by the defendant in accordance with a contract of purchase and sale of the said bottle. The defendant excepted to the denial of its motion for a directed verdict on each count.

The jury could find the facts herein recited. A customer enters the defendant's store through a turnstile, where he obtains a carrier equipped with a basket in which he places the articles he selects as he pushes the carrier along by the counters. The goods are displayed with the prices on them. Signs are posted advising the customers to serve themselves. A customer, as he goes through the store, selects whatever articles he desires, and he is free to return any article he has selected to the place from which he took it. After he has finally selected the goods that he wishes to purchase, he pushes the carrier to the cashier's counter where the goods are taken out of the basket, inspected, checked and put in bags. The total price is ascertained by the cashier, and is paid by the customer. The plaintiff was familiar with the method of purchasing goods at the defendant's store. She had never been told by a cashier that she could not have as many articles as she wanted, but "it had been her experience in going in these stores to have gone around and seen something she liked and put it in the carrier and then later to go back and put it on the shelves; . . . until a customer got up to the cashier's cage, with the exception of the meat department, you were on your own so to speak." She knew that it was necessary to pay for the goods before she left the store, and she intended to pay when she arrived at the cashier's desk. The plaintiff desired to purchase six bottles of tonic, and after she had put some of the bottles in the basket, and while she was taking another bottle from the case but before she had an opportunity to place this bottle in the basket, it exploded, severely injuring her.

The plaintiff in order to recover must prove that, at the time of the injury, she had entered into a contract with the defendant for the sale of the tonic to her, and that

under that contract to sell the defendant had assumed an obligation to see that the goods were reasonably fit for the use intended to be made of them by the plaintiff or had assumed an obligation to see that the goods were of merchantable quality for goods of that description. The question here is whether the evidence is sufficient to prove that either obligation had been undertaken by the defendant.

The defendant's method of doing business differs from that usually employed in retail stores, where a clerk furnishes the customer with the goods requested and the latter completes the transaction by paying the price. In these cash sales over the counter, the delivery of the goods, the passing of the title and the payment of the price all occur at substantially the same time. No executory contract is involved in the transaction. The defendant makes only cash sales, but all these sales must be made at the cashier's counter. The system in vogue at the defendant's store requires the customer to select and collect the goods he desires to purchase and to convey them to the only person who can sell them to him. This system, undoubtedly, requires the performance by the customer of certain acts before he can complete the purchase of the goods. It is urged by the plaintiff that the operation of the defendant's system of merchandising contemplates the making of an executory contract of sale, which arises as soon as the customer begins the performance of any of these preliminary acts and terminates upon the completion of the sale. She contends that such a contract came into existence as soon as she took possession of the bottle of tonic for the purpose of purchasing it; that the display of the tonic with the signs advising her to serve herself constituted an offer to sell, which she accepted by taking the bottle; and that the title to the bottle passed to her when she took it from the case. We assume in favor of the plaintiff that a warranty in a contract for the sale of a specific article survives the destruction of the article before the sale is completed. But see *Bunday* v. *Columbus Machine Co.* 143 Mich. 10; *Osborn* v. *Gantz,* 60 N. Y. 540; *Levis* v. *Pope Motor Car Co.* 202 N. Y. 402;

*Stearns* v. *Drake*, 24 R. I. 272; 55 C. J., Sales, § 669.  Compare Williston, Contracts (Rev. ed.) § 984.  It is true that customers were invited to take possession of the goods that they intended to purchase and, if such possession may be considered the equivalent of a delivery of the bottle of tonic, such delivery was conditional and was made only for the purpose of permitting the customer to take it to the cashier.  Possession alone was not in these circumstances sufficient to pass title to the bottle.  Title did not pass until the delivery became absolute upon the payment of the price to the cashier.  The defendant did not intend to part with the title until the price was paid, and the plaintiff knew that she was making a purchase for cash which she intended to pay to the cashier.  *Whitney* v. *Eaton*, 15 Gray, 225.  *Commonwealth* v. *Devlin*, 141 Mass. 423.  *Silsby* v. *Boston & Albany Railroad*, 176 Mass. 158.

It is plain upon the plaintiff's own testimony that it was optional with her to return the article she had selected or to keep it and later become the purchaser, and there is nothing to show that the defendant could compel her to purchase the bottle as soon as she selected it, or could have prevented her from returning it to the case, or that it became bound as soon as she selected it to sell it to her.  The plaintiff has failed to show that, just before the time she was injured, she had become bound to purchase the bottle and that the defendant had become bound to sell it to her.

An examination of all the evidence would not warrant a finding that the defendant did anything more than to make an offer to the plaintiff to sell for cash, at the prices marked on the goods, such articles as the plaintiff might wish to purchase and might take to the cashier.  Until there was an acceptance by her of this offer in accordance with its terms, no contractual relation arose between the parties in reference to the sale of the tonic.  The offer could not be considered as accepted before the goods reached the cashier, and the defendant before that time arrived had not assumed any contractual obligation with the plaintiff to sell the tonic.  *Northampton Institution for Savings* v. *Putnam*, 313 Mass. 1, 7, and cases cited.  Am. Law Inst. Restatement: Con-

tracts, § 58. See *Gargaro* v. *Kroger Grocery & Baking Co.* 22 Tenn. App. 70.

The explosion of the bottle does not appear to have been due to any fault or negligence of the defendant, *Burnham* v. *Lincoln,* 225 Mass. 408; *Ruffin* v. *Coca Cola Bottling Co.* 311 Mass. 514, but we need not decide, if an executory contract of sale had been proved, whether the contract would have been avoided by the destruction of the bottle. G. L. (Ter. Ed.) c. 106, § 10. The plaintiff has based her case entirely upon a breach of warranty, but there could be no warranty in the absence of a sale or a contract of sale.

> *Exceptions sustained.*
> *Judgment for the defendant.*