ROSE M. DAY, Appellant, *v.* GRAND UNION COMPANY, Respondent, et al., Defendants.

Third Department, June 13, 1952.

*James A. Leary, Walter A. Fullerton* and *Francis J. Keehan* for appellant.

*Thomas F. Tracy* and *Charles B. Sullivan* for respondent.

BERGAN, J. Plaintiff came into defendant-respondent's self-service grocery store in Schenectady and picked up from a counter a bottle of beer which exploded in her hand. Showing these facts on the trial of her claim for personal injury, plaintiff rested and her complaint was dismissed.

There was no " breach " of a " contract " of warranty of fitness of the contents of the bottle for consumption, or of the fitness of the bottle to hold the contents, shown to bring the case within the familiar rules that apply to such situations. No such warranty was here to be implied because there was no consummated contract of sale. Plaintiff had not yet purchased the beer and the store had not yet sold it.

The relationships of the parties had been set in the direction of entering into a contract by the storekeeper's general invitation to the public to come in; and plaintiff was acting upon the invitation, but if the classic tests to be applied to contracts are employed here there was yet no contract and, of course, no implied warranty resting on contract.

The question was decided in Massachusetts adversely to such a claim in *Lasky* v. *Economy Grocery Stores* (319 Mass. 224), and there is little doubt that the implied warranty theory of liability as it has been developed in New York rested on actual contract that was " breached " by failure of the seller to meet the warranty. (*Ryan* v. *Progressive Grocery Stores,* 255 N. Y. 388; *Rinaldi* v: *Mohican Co.,* 225 N. Y. 70.)

There is a pleaded admission that the beer contained gas and was bottled under high pressure and there is proof by plaintiff that the sun was shining through a plate glass window on the place in the store where the beer was kept, that the day was hot, and that the bottle felt warm when picked up. We do not regard this proof alone as sufficient to reach the level of substantial evidence of active negligent handling of the bottle by the store.

The law of negligence is not, however, a static institution. Most of it was developed without experience with the relationships between large self-service stores and their customers, and one noted characteristic of the common law has been its ready adaptability to radically changed conditions of risk and injury and a tendency to impose a just responsibility and to develop rules which make that imposition practicable.

When, therefore, a self-service store invites the customer both to come on the premises and to take physical possession of merchandise in the course of entering into a purchase and sale contractual relationship, and the customer is injured by

the unexpected dangerous behavior of the article which until that instant had been in the exclusive possession of the store-keeper, enough has been shown, we think, to make admissible an inference of negligence without proof of active negligence.

If the explosion occurred while a clerk was handing the bottle of beer to a customer the store would be called upon to show a defense to the inference that would arise. The difference between such a case and this one in the kind of control over the object to be sold would be one of narrow degree.

Everywhere the plaintiff looked about her at the shelves and receptacles in this store there was open invitation to take physical possession of merchandise for the purpose of sale, and the kind of possession plaintiff then got was not the kind that make courts very careful to see that the inference of responsibility arose from " exclusive " possession and control of the injury-producing agency. The record does not suggest that in the manner she had the bottle in her hand plaintiff had any opportunity to have changed or affected the course of events.

We think that the defendant-respondent could not rest entirely safe in its assumption that it need make no explanation for the injury to its customer on its premises and that it might rely on its trust in the manufacturer on one hand and the absence on the other of a " contract " with its customer in the classic sense. The facts shown raise the inference of defendant-respondent's negligence and this establishes a case prima facie.

The judgment dismissing the complaint should be reversed and a new trial ordered, with costs to abide the event.

FOSTER, P. J., and COON, J., concur; BREWSTER, J., concurs in result in the following memorandum in which HEFFERNAN, J., concurs: I concur for reversal. However, I think there was sufficient evidence to support a finding that plaintiff had purchased and defendant had sold the bottle of beer in question. Its presence in the self-service store was such as to constitute defendant's offering of it for sale and delivery to plaintiff at a stated price. Her testimony as to her taking physical possession of it was such as to constitute her completed acceptance of the offer. The arrangement was such that her taking possession of the bottle amounted to defendant's delivery of it to her. That was the very purpose of the self-service arrangement. Naught remained of the matter save her payment of its price which she was in readiness to and intending to make. Upon those facts may it be said that the defendant could have lawfully recovered possession of the bottle had it not been destroyed?

Upon the evidence I think the jury could have properly found that the parties had intended that the title to the bottle of beer had passed to plaintiff. (Personal Property Law, § 99.) The evidence as to conduct of the defendant in the way and manner it had offered it for sale to plaintiff and that of the latter in taking it into her possession intending to pay for it, and able to do so, would, it seems to me, support the finding of a sale or contract to sell sufficient to give rise to the cause of action pleaded as a breach of implied warranty (Personal Property Law, § 96, subd. 1).

Judgment dismissing the complaint reversed, on the law and facts, and a new trial ordered, with costs to abide the event.