Bettie GROOMES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 2409.

Municipal Court of Appeals for the
District of Columbia.

Argued June 29, 1959.

Decided Oct. 21, 1959.

74

O. B. Parker, Washington, D. C., for appellant.

William W. Greenhalgh, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

A jury convicted appellant of petit larceny. Code 1951, § 22–2202 (Supp. VII). Assigning as error (1) the denial of motions properly made for judgment of acquittal; and (2) the insufficiency of the

evidence to support the verdict, appellant contends that the Government's proof failed to establish a taking and carrying away of the property involved.

The Government's evidence disclosed the following: While shopping in a self-service market, appellant was seen by a clerk to remove two articles from a shelf and put them in her purse which was inside a cart which contained some groceries. She then closed the purse and, after looking around her, walked about the market. During this time, she was watched by the clerk and manager of the store who ultimately followed her to the check-out line. Upon seeing the two men, appellant walked toward the back of the store and gave them the items in her purse after commenting that they must have seen them.

The manager identified the articles by price markings peculiar to his store and testified that one of them, a package of meat, was still cold. At the trial, appellant stated that the items were purchased for her by a friend at another store earlier in the day. She added that she had been unable to locate the friend for the purpose of testifying at her trial.

Appellant contends that the Government's evidence failed to establish that she had obtained complete control and dominion of the property. To support this appellant points out that she never passed the check-out counter; that the property was not concealed on her person; that the articles were still in the store's property—the grocery cart; and that she was detained by the manager while still in the store.

■■■ Larceny is an offense against possession, Neufield v. United States, 73 App. D.C. 174, 118 F.2d 375, certiorari denied Ruben v. United States, 315 U.S. 798, 62 S.Ct. 580, 86 L.Ed. 1199, as well as ownership. Nelson v. United States, D.C.Mun. App., 142 A.2d 604. It is quite true, as appellant argues, that the burden of proof to establish a taking and asportation is more onerous on the Government where the larceny alleged occurs in a self-service store. By this system of merchandising the patron is invited to select and take possession of the commodities he intends to purchase. Mere possession of the goods, however, does not pass title to the customer and the possession is of itself conditional in character until the merchandise is taken to the cashier and payment is made. See Lasky v. Economy Grocery Stores, 319 Mass. 224, 65 N.E.2d 305, 163 A.L.R. 235; Day v. Grand Union Co., 280 App.Div. 253, 113 N.Y.S.2d 436; Loch v. Confair, 361 Pa. 158, 63 A.2d 24.

■■■ The Government's evidence in this case tended to prove that appellant's actions were wholly inconsistent with those of a prospective purchaser. It was established that the items once removed from the shelf were immediately secreted in her purse. At the time, the cart used by appellant was about half full of groceries. By concealing the articles in her purse separate and apart from the other goods in the cart, appellant acquired complete and exclusive control over the property. It is well settled that the elements of a taking and asportation are satisfied where the evidence shows that the property was taken from the owner and was concealed or put in a convenient place for removal. The fact that the possession was brief or that the person was detected before the goods could be removed from the owner's premises is immaterial. People v. Baker, 365 Ill. 328, 6 N.E.2d 665; People v. Lardner, 300 Ill. 264, 133 N.E. 375, 19 A.L.R. 721; People v. Bradovich, 305 Mich. 329, 9 N.W.2d 560; 3 Underhill's Criminal Evidence, §§ 591, 592 (5th ed. 1957).

■■■ Appellant advances one other point, although it is not seriously pressed. She contends that her return of the property to the store manager belies an intent to deprive the owner of its property permanently. Appellant's intention at the time she secured the property was a question solely within the province of the jury. The fact that she changed her mind or returned

the property to escape prosecution does not purge the original taking. People v. Post, 76 Cal.App.2d 511, 173 P.2d 48; People v. Bradovich, supra; 2 Wharton's Criminal Law, § 1147 (12 ed. 1932).

The court was correct in submitting the case to the jury and upon review we think the verdict is justified by the evidence.

Affirmed.