Nathaniel T. Helman, J.
This case was tried by the court without a jury.
It is plaintiff’s claim that while lawfully on the premises of defendant Fedco Food Corp. as a retail customer, he purchased *132 a Pepsi-Cola bottle by withdrawing it from its display counter, placing it in a shopping cart, and wheeling the cart to a checkout counter. As he removed the bottle from the cart to hand it to the cashier, it exploded in his hand, causing him to sustain personal injuries. He now seeks recovery against the Pepsi-Cola Bottling Company (the manufacturer) and Fedco Food Corp. (the retailer) on combined theories of negligence and breach of warranty.
The issues involved in plaintiff’s charges of negligence can be readily disposed of. As to the manufacturer there is no evidence from which any negligence in manufacturing or in the testing and bottling could be deduced. (Curley v. Ruppert, 272 App. Div. 441, 442; Cummerford v. Pepsi-Cola Co., 278 App. Div. 658.) Nor can the warranty theory be so extended as to impose liability on the manufacturer under the established principles of Chysky v. Drake (235 N. Y. 468, 472) there having been no privity between the manufacturer and consumer (Greenberg v. Lorenz, 7 A D 2d 968).
The claim of negligence against the retailer must likewise fail since no factual evidence has been presented. The fragments of the bottle were not offered in evidence, nor did it appear that the handling of the product by the retailer while it was in his possession was other than proper and in accordance with custom and usage. (Day v. Grand Union Co., 280 App. Div. 253, affd. 304 N. Y. 821.)
There remains, however, the cause of action against the retailer for breach of the implied warranty of fitness set forth in section 96 of the Personal Property Law. The limitations to be placed on the warranty have been the subject of much learned discussion. It is my opinion that the facts in the case at bar take it out of the rule of Day v. Grand Union (supra), and entitle plaintiff to a recovery against the retailer.
In the Day case the consumer had withdrawn a bottle from the shelf of a supermarket and while handling it, the bottle exploded in his hand. The court said (p. 254): “ There was no ‘ breach ’ of a 1 contract ’ of warranty of fitness of the contents of the bottle for consumption, or of the fitness of the bottle to hold the contents * * * No such warranty was here to be implied because there was no consummated contract of sale. Plaintiff had not yet purchased the beer and the store had not yet sold it.”
It may be noted that the Court of Appeals in reviewing the Day case, affirmed the judgment on other grounds but specifically omitted any discussion of the warranty question. Significant, also, is the language of the concurring opinion of Mr-. Justice Brewster wherein he states (p. 255): “ However, I think there *133 was sufficient evidence to support a finding that plaintiff had purchased and defendant had sold the bottle of beer in question. Its presence in the self-service store was such as to constitute defendant’s offering of it for sale and delivery to plaintiff at a stated price. Her testimony as to her taking physical possession of it was such as to constitute her completed acceptance of the offer. The arrangement was such that her taking possession of the bottle amounted to defendant’s delivery of it to her. That was the very purpose of the self-service arrangement. Naught remained of the matter save her payment of its price which she was in readiness to and intending to make. ’ ’
The case at bar offers the additional circumstance that the consumer personally brought his merchandise to the person designated by the seller as its cashier. Throughout the Personal Property Law, the Uniform Sales Act, and the many decisions which have interpreted these statutes, the “ intention ” to buy or sell has constantly been made the basis for (1) fixing title, and (2) determining the obligations of the contracting parties. (Donner v. Associated Lace Corp., 277 App. Div. 697, 698.)
The courts of this State have supported the application of the implied warranty principle to executory contracts as well as executed ones. (Hargous v. Stone, 5 N. Y. 73; Ferguson v. Netter, 204 N. Y. 505.) (See discussion in 57 Col. L. Eev. 653, as to application of implied warranty to bailment contracts and service contracts.)
In the Pennsylvania case of Loch v. Confair (361 Pa. 158), the court followed Lashy v. Economy Grocery Stores (319 Mass. 224) (cited with approval in the Bay case) but pointed out that the bottle had not yet been placed in the merchandise cart when it exploded. The court went on to state that “ either a completed sale or an executory contract of sale could be made the subject of an implied warranty.”
Counsel for the defendant in the case at bar have pointed to the failure of plaintiff to supply the court with the physical fragments of the exploding bottle as reflecting on the sufficiency of its evidence on the warranty theory. Such proof might have a bearing on the issues of negligence; but the purchase by a customer from a retail dealer in foods of an article ordinarily used for human consumption, by implication makes known to the vendor the purpose for which the article is required and thus satisfies the requirements of section 96 of the Personal Property Law. It has been held that it is conclusive evidence of the consumer’s reliance on the seller’s skill and judgment (Rinaldi v. Mohican Co., 225 N. Y. 70; Personal Property Law, § 96, subd. 1; 3 Williston, Sales [rev. ed.], § 483). The warranty *134 extends to the container as well as its contents (Haller v. Rudmann, 249 App. Div. 831).
Similar applications of the warranty doctrine have been made to the purchase of food in a restaurant, notwithstanding that payment may be made later (Conklin v. Hotel Waldorf Astoria Corp., 5 Misc 2d 496; Temple v. Keeler, 238 N. Y. 344; Bernstein v. Queens County Jockey Club, 222 App. Div. 191; see, also, Cooper v. Newman, 11 N. Y. S. 2d 319, 320, where the court had before it an exploding siphon bottle filled with aerated water and which the court held “ unfit for the purpose for which it was made and is unmerchantable ”; Natale v. Pepsi-Cola Co., 7 A D 2d 282).
The court cannot close its eyes to the changes in the form of retail food sales which have taken place in recent years. The grocer who formerly wrapped his package and delivered it to the consumer in exchange for a cash payment is gradually departing from the commercial scene. The public today is welcomed into large supermarkets where it is requested to take personal and physical possession of merhandise and to continue handling the same without interference from the seller. The point at which the warranty of fitness or merchantability applies certainly must be shifted from the classical conception of a passage of title only when cash is paid by the consumer. It is my belief that by presenting himself to the cashier with his merchandise cart for the purpose of registering his purchases and paying for them, plaintiff evinced a definite intention to accept the offer of the seller. A bilateral contract of sale was thereupon effectively entered into at the time when he presented the merchandise to the checker. For the purpose of warranty protection, the sales concept could well be extended to meet the circumstances of the present case (57 Col. L. Rev., 653). ‘1 Liability should not be determined mechanically by fortuitous circumstances ” (Trust v. Arden Farms Co., 50 Cal. 2d 217, 236).
Plaintiff received hospital treatment as a result of his injuries where four sutures were inserted resulting in a scar of his right thumb about one and a half inches long. Accordingly, I find judgment in favor of the plaintiff and against the defendant Fedco, in the sum of $1,000. The complaint of plaintiff as against defendant Pepsi-Cola Bottling Co. of New York will be dismissed, with costs.