*Northern District*
No. 5973
**FRANCIS J. DENTE, p.p.a.**
**v.**
**LIBERTY MARKET, INC.**
Filed November 20, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Loschi, J.* in the East Boston District Court. No. 3374.

*Brooks, P. J.* Plaintiff is suing in contract for breach of implied warranty. Defendant answers by of general denial, contributory negligence and assumption of risk..

*The evidence tended to show that* plaintiff and his mother were shopping in defendant's supermarket. The establishment was of the supermarket type where the customer selects

articles which are placed by the customer in a shopping carriage and eventually conveyed to the check-out counter where payment is made.

The mother selected certain articles from the shelves including a bottle of carbonated beverage. Before she arrived at the check-out counter, *the bottle exploded* in the hand of plaintiff who had picked it up out of the carriage, causing injury for which this suit is brought.

Defendant filed requests for rulings of which the following were denied and constitute the grounds of defendant's appeal:

5. As a matter of law, no breach of warranty took place.

6. The evidence does not warrant a finding that a breach of warranty took place.

7. The evidence does not warrant a finding that a sale of merchandise took place.

8. The evidence does not warrant a finding the alleged damage was caused by the alleged breach of warranty.

9. The evidence does not warrant a finding that notice was timely.

The court found the facts substantially as related above and awarded plaintiff damages in the sum of $250. The question is as to the validity of the court's finding and of its disposition of the requests for rulings.

We are unable to distinguish this case from the case of *Lasky v. Economy Grocery Stores,* 319 Mass. 224. Plaintiff in that case had selected for purchase a bottle of. car-

bonated beverage which she was about to place in the shopping carriage when it exploded before plaintiff had paid for same. The trial court had denial defendant's motion for a directed verdict. In reversing ruling of the lower court, the Supreme Court said at pages 225-226:

"The plaintiff in order to recover must prove that, at the time of the injury, she had entered into a contract with the defendant for the sale of the tonic to her, and that under that contract to sell the defendant had assumed an obligation to see that the goods were reasonably fit for the use intended to be made of them by the plaintiff or had assumed an obligation to see that the goods were of merchantable quality for goods of that description. The question here is whether the evidence is sufficient to prove that either obligation had been undertaken by the defendant . . . . . It is urged by the plaintiff that the operation of the defendant's system of merchandising contemplates the making of an executory contract of sale, which arises as soon as the customer begins the performance of any of these preliminary acts and terminates upon the completion of the sale. She contends that such a contract came into existence as soon as she took possession of the bottle of tonic for the purpose of purchasing it; that the display of the tonic with the signs advising her to serve herself constituted an offer to sell, which she accepted by taking the bottle; and that the title to the bottle passed to her when she took it from the case . . . . . "

"An examination of all the evidence would not

warrant a finding that the defendant did anything more than to make an offer to the plaintiff to sell for cash, at the prices marked on the goods, such articles as the plaintiff might wish to purchase and might take to the cashier. Until there was an acceptance by her of this offer in accordance with its terms, no contractual relation arose between the parties in reference to the sale of the tonic. The offer could not be considered as accepted before the goods reached the cashier and the defendant before that time arrived had not assumed any contractual obligation with the plaintiff to sell the tonic."

We are bound by the above decision. Consequently we hold there was error in the case before us in the denial of defendant's requests for rulings ##5, 6 and 7.

*Finding for plaintiff is to be vacated and finding is ordered for defendant.*

Elihu Pearlman, of Boston, for the Plaintiff.

Badger, Parrish, Sullivan & Frederick, of Boston, for the Defendant.

*Western District*