**Melvin RAY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4100.**

District of Columbia Court of Appeals.

Argued Feb. 13, 1967.

Decided May 2, 1967.

Michael Mulroney, Washington, D. C., for appellant.

Robert Kenly Webster, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Lawrence Lippe,

---

Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

MYERS, Associate Judge:

After trial by the court, appellant was found guilty of petit larceny of United States property in violation of 18 U.S.C. § 641.[1]

■ Appellant was employed by a professional mover who was an independent contractor of the United States government. On the day of the alleged larceny, appellant's duties were to transport and deliver several chairs and a typewriter from a storage area in the city to the warehouse area of the Department of Commerce. After part of his load had been transferred from the truck to the warehouse, appellant was seen carrying an adding machine covered with wrapping paper out of the storage room of the warehouse. His explanation was that he was temporarily moving the adding machine to free space on a skid, thus permitting him to keep his entire load together. Although testimony differed as to how far he carried the machine, it is clear he never went beyond the warehouse area or carried the machine outside the building. On these facts, we feel the trial judge erred as a matter of law in his finding of guilt beyond a reasonable doubt.

■ Larceny from the United States is merely a codification of common law larceny, with the owner specified in the statute.

As such it retains the common law elements of asportation and intent. Hughes v. United States, 338 F.2d 651 (1st Cir. 1964), rehearing denied, 340 F.2d 609 (1965); United States v. Lamb, 150 F.Supp. 310 (N.D.Cal.1957). While we are mindful that the slightest moving or taking may constitute an asportation when viewed with other circumstances, Groomes v. United States, D.C.Mun.App., 155 A.2d 73 (1959), appellant had the government's permission, as a normal incident of his employment duties, to move and carry certain articles in and around the warehouse area. This he had done on previous occasions. Under principles of agency, he had the implied permission to touch, move and carry other articles in the same area to facilitate the proper performance of his duties. He would be guilty of larceny only if his possession of the adding machine was clearly adverse and contrary to the interest of its rightful owner, the United States. Cf., Tredwell v. United States, 266 F. 350 (4th Cir.), cert. denied, 253 U.S. 496, 40 S.Ct. 587, 64 L.Ed. 1031 (1920). Since it was without doubt within appellant's scope of employment to pick up and carry articles for the purpose of rearranging items stored, some other act on the part of appellant would be necessary to allow a reasonable inference of criminal intent. Although intent is generally a question for the trier of fact, Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952), we find no substantial evidence from which criminal intent could be inferred here, and, without intent, the element of asportation in this case fails for want of adequate showing.

Reversed with directions to enter a judgment of acquittal.

---

1. The information charged that he did "unlawfully embezzle, steal, purloin and knowingly convert to his own use and use of another, and without authority sell, convey and dispose of an adding machine, a thing of value of the United States and of a department or agency thereof."