Samuel A. DURPHY, Appellant,

v.

UNITED STATES, Appellee.

No. 4340.

District of Columbia Court of Appeals.

Argued Sept. 25, 1967.

Decided Nov. 27, 1967.

Jacob Sheeskin, Washington, D. C. (appointed by the Court), for appellant.

Scott R. Schoenfeld, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Lawrence E. Shinnick, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

MYERS, Associate Judge:

After trial without jury, appellant was convicted of petit larceny. D.C.Code § 22–2202 (1961 ed.). Although he alleges several errors, we have addressed ourselves only to the contention that the evidence was insufficient to support a verdict of guilty.

At trial, the Government presented evidence that appellant, his wife and their baby were in a self-service food market. A meat cutter, watching through a one-way mirror, observed appellant take a variety of meat products and put them into a shop-

ping bag. Suspicious of appellant's activities, the employee reported them to the manager who approached appellant and talked to him. As the store manager never testified at trial, we cannot speculate as to what was said in that conversation. Afterwards, however, appellant continued, as before, to select meats and place them in the same shopping bag. The manager then approached appellant a second time, grabbed the bag, and detained appellant until a policeman arrived, who placed him under arrest for petit larceny.

■ In order to establish the crime of larceny, it must be shown that the defendant without right took and carried away the property of another with the intent to permanently deprive the rightful owner thereof. It is these elements of asportation and intent that the Government failed to prove at trial.

■ While we are mindful that in some cases the slightest taking or moving may constitute asportation, such circumstances are not present here. Appellant, as any other customer in a self-service store, had the implied permission of the store management to pick up, move, and either replace or pay for any product offered for sale. In fact, the normal procedure in this type of market is for customers to circulate through the sales area, taking from the shelves any items they wish to buy but not paying for their selections until they pass through the check-out counter. Unless some conduct by appellant made his possession clearly adverse to that of the store, he held the merchandise only conditionally until such time as he took it to the check-out counter for payment. Lasky v. Economy Grocery Stores, 319 Mass. 224, 65 N. E.2d 305, 163 A.L.R. 235 (1946); Day v. Grand Union Co., 280 App.Div. 253, 113 N.Y.S.2d 436 (1952); Loch v. Confair, 361 Pa. 158, 63 A.2d 24 (1949). The fact that appellant placed the goods in a shopping bag provided no valid reason for the trial court to infer a criminal intent or a possession clearly adverse to the interests of the store. No attempt to conceal the goods was proven as it was in Groomes v. United States, D.C.Mun.App., 155 A.2d 73 (1959). Although there was evidence that appellant carried a baby blanket on top of the shopping bag, this does not necessarily establish that he did so for the purpose of concealing anything. In fact, it would be difficult to infer such a design when the record reveals that appellant acted in precisely the same manner after the knew he was being observed as he acted before he spoke to the store manager. Nor can it be said that appellant tried or even contemplated carrying the goods out of the store without paying for them, for the record reflects that the bag and its contents were taken by the store manager before appellant had completed his shopping. In our judgment the prosecution showed only appellant's authorized, temporary possession of the store's merchandise. Ray v. United States, D.C. App., 229 A.2d 161 (1967). Although some circumstances may have aroused suspicion as to appellant's intentions, the prosecution did not establish asportation with an intent to permanently deprive the store of possession beyond a reasonable doubt.

Reversed, with directions to enter an acquittal.