240 A.2d 131 (1968)
Herbert Lee WILLIAMS, Appellant,
v.
UNITED STATES, Appellee.
Nos. 4390, 4391.
District of Columbia Court of Appeals.
Argued January 29, 1968.
Decided April 3, 1968.
Harold H. Roth, Washington, D.C., (appointed by this court) for appellant.
James A. Strazzella, Asst. U.S. Atty., with whom David G. Bress, U.S. Atty., and Frank Q. Nebeker, Asst. U.S. Atty., were on the brief, for appellee.
Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.
MYERS, Associate Judge.
Appellant was convicted of two offenses of petit larceny (by trick)[1] at separate nonjury trials and has filed these appeals therefrom.
At the first trial, appellant was tried on two larceny charges. He was acquitted of one and found quilty of the other. He seeks reversal of the conviction upon the ground that the trial judge had prejudged the question of guilt. As we find nothing in the record tending to substantiate this contention, the judgment of conviction must be affirmed.
At the second trial, the complaining witness, Sullivan, testified that one McDowell had approached him on the street and asked the location of a certain hotel. Thereafter appellant joined them and suggested that he could take them to a place where they "could have a good time." As they walked toward their destination, McDowell and appellant began to question each other's *132 trustworthiness. To prove that he trusted the other two, appellant delivered his money to Sullivan, telling him and McDowell to walk around the block once with the money before returning it. When Sullivan and McDowell came back from their circuit of the block, Sullivan was called upon to prove that he also trusted the others so he gave his money to appellant who walked away with McDowell as if to circle the same block. As they turned the corner, a police detective, who had been watching the suspicious activities of the three men, displayed his badge to appellant and McDowell and stopped them. Immediately appellant ran away, crossing the street and digressing from the prior round-the-block course. The officer gave chase, apprehended appellant, and arrested him for petit larceny.
At the conclusion of the trial, counsel for appellant moved for judgment of acquittal on the ground that there was insufficient evidence to sustain the charge of a completed petit larceny. He premised his argument on the theory that as appellant had been thrown off course by the appearance of the police officer, there had been no wrongful taking. Appellant contends it was error for the trial judge to rule that "the fact that [appellant] broke out and ran at the time of the officer stopping him is the thing that makes the offense complete under the circumstances."
Recently we ruled in Reed v. United States, D.C.App., 239 A.2d 156, decided March 15, 1968, that where the possessor of property gives temporary custody thereof to another person for a limited purpose, wrongful conversion of that property by the custodian is larceny. In the present case, appellant was given only temporary custody of Sullivan's money for the restricted purpose of carrying it once around the block and then returning it to Sullivan. But appellant's actions, after being confronted by the police officer, were wholly inconsistent with those of a person who intended to return the money entrusted to him. It has been universally accepted since Allen v. United States, 164 U.S. 492, 499, 17 S.Ct. 154, 41 L.Ed. 528 (1896), that flight is a legitimate ground for the inference of consciousness of guilt, and thus of guilt itself. Green v. United States, 104 U.S.App.D.C. 23, 259 F.2d 180 (1958), cert. denied, 359 U.S. 917, 79 S.Ct. 594, 3 L.Ed.2d 578, citing Wigmore, Evidence § 276 (3rd ed. 1940). Although it does not give rise to a presumption of guilt, Hunt v. United States, 115 U.S.App.D.C. 1, 3, 316 F.2d 652, 654 (1963), "it has at no time been doubted that flight is a circumstance from which a court or an officer may infer what everyone in daily life inevitably would infer." United States v. Heitner, 149 F.2d 105, 107 (2d Cir.1945).
When the officer stopped appellant, the officer did not have probable cause to make an arrest or to conduct a search of his person. If an arrest had been made, nothing could have been proved except appellant's authorized custody of Sullivan's money. Durphy v. United States, D.C.App., 235 A.2d 326, 327 (1967). However, in the precipitous flight after being stopped by the police officer, appellant deviated from the agreed course and, in doing so, exercised complete dominion and control over the money. Groomes v. United States, D.C. Mun.App., 155 A.2d 73, 75 (1959). That appellant retained this control for only a brief interval is immaterial as he made his decision to flee, unaffected by any threatened assault. His effort to escape caused him to change his legal course and the fact that the commission of the crime of larceny was completed during the course of this flight does not affect the result. The trial judge correctly so ruled.
Affirmed.
NOTES
[1] D.C.Code § 22-2202 (1967 ed.).