FRANKLIN GILLISPIE, BY HIS GUARDIAN AD LITEM, FLORENCE TROXLER, PLAINTIFF v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, DEFENDANT v. THOMASVILLE COCA-COLA BOTTLING COMPANY, THIRD PARTY DEFENDANT

No. 7222SC7

(Filed 29 March 1972)

1. Food § 2; Sales § 17— explosion of soft drink bottle — fitness for intended purpose

In this action to recover for breach of warranty for personal injuries sustained when two soft drink bottles allegedly exploded as they were being carried by plaintiff to the checkout counter in defendant's self-service store, the jury would be justified in finding that the bottles exploded because they were inadequate for the purpose for which they were intended—namely, as containers of a soft drink—where plaintiff's evidence tended to show that he handled the bottles normally from the time he took possession of them until they exploded, and there is nothing in plaintiff's evidence indicating that his conduct contributed to the explosions.

2. Food § 2; Sales § 6; Uniform Commercial Code § 15— implied warranty of fitness — applicability to container

Before adoption of the Uniform Commercial Code, an implied warranty of fitness did not extend to a container in which a product came from the producer; however, an implied warranty of fitness has now been extended by the Uniform Commercial Code to include a product's container. G.S. 25-2-314.

3. Food § 2; Sales § 6; Uniform Commercial Code § 15— soft drink bottle — implied warranty of merchantability — liability of seller for personal injuries

If soft drinks are sold in a container which is inadequate, the seller has breached his implied warranty of merchantability and is liable for personal injury proximately caused by this breach.

4. **Sales § 6; Uniform Commercial Code § 15— warranties — sale of goods**

Warranties arise under the Uniform Commercial Code only upon a sale of goods.

5. **Sales §§ 1, 6; Uniform Commercial Code § 15— when sale occurs — delivery — payment — implied warranties**

Under G.S. 25-2-401(2) the time of payment is not determinative of the question of when a sale takes place; if there has been a completed delivery by the seller, the sale has been consummated and implied warranties arise under G.S. 25-2-314.

6. **Sales § 1; Uniform Commercial Code § 11— self-service store — when sale occurs**

The presence of soft drinks on the shelves of a self-service store constituted an offer for sale and delivery at a stated price; a sale occurred within the meaning of the Uniform Commercial Code when the purchaser took the drinks into his possession with the intention of paying for them at the cashier's counter.

7. **Sales § 1; Uniform Commercial Code § 16— self-service store — purchaser's acquisition of title**

As long as a purchaser in a self-service store has a product in his possession, intending to pay for it, he has title to the product, the seller's interest at that point not being "title" but a security interest to enforce payment; when the purchaser changes his mind and returns to the shelf a product which he has picked up with the intention of buying it, title is revested in the seller.

8. **Food § 2; Sales § 17; Uniform Commercial Code § 15— exploding soft drink bottles — breach of warranty — action against seller**

In this action to recover for breach of warranty for personal injuries sustained when two soft drink bottles allegedly exploded as they were being carried by plaintiff to the checkout counter in defendant's self-service store, plaintiff's evidence would support jury findings that plaintiff purchased the drinks by taking them into his possession with the intention of paying for them, that the warranty of implied merchantability of the bottles was breached by defendant, and that such breach proximately caused plaintiff's injuries.

APPEAL by plaintiff from *Beal, Special Judge,* May 1971 Civil Session of Superior Court held in DAVIDSON County.

Civil action to recover for personal injuries sustained by plaintiff when two bottles of Sprite allegedly exploded as they were being carried by him to the checkout counter in defendant's self-service store.

Plaintiff sued the original defendant for breach of warranty. Defendant answered, denied the essential allegations in

the complaint, and alleged that the bottles broke as a result of coming in contact with the floor when plaintiff negligently fell or dropped them. Defendant also cross claimed against the third party manufacturer for indemnification in the event plaintiff recovered.

At pretrial conference the court ordered the issues between plaintiff and the original defendant tried separately from the issues between the original defendant and the third party defendant.

Plaintiff's evidence tended to show that he went to defendant's store to get a carton of Coca-Cola and a carton of Sprite bottle drinks. He picked up a carton of each and walked toward the checkout counter, carrying the carton of Sprite in his left hand and the carton of Coca-Cola in his right hand. He was walking directly to the checkout counter where he intended to pay for the drinks. When he reached a point about 20 to 25 feet from the shelf where he had picked up the drinks and about 10 feet from the checkout counter, two of the Sprite bottles exploded and plaintiff sustained a laceration to his left wrist.

At the conclusion of plaintiff's evidence defendant's motion for a directed verdict was allowed. Plaintiff excepted and appealed.

*Hugh B. Rogers, Jr., and Charles F. Lambeth, Jr., for plaintiff appellant.*

*Walser, Brinkley, Walser & McGirt by Walter F. Brinkley for defendant appellee.*

GRAHAM, Judge.

Plaintiff bases his claim solely upon breach of implied warranty.

[1] The evidence tends to show that plaintiff handled the bottles of Sprite normally from the time he took possession of them until they exploded. There is no evidence presently before us which would indicate that plaintiff's conduct contributed in any way to the explosions. Therefore, the jury would be justified in finding that the bottles exploded because they were inadequate for the purpose they were intended; namely, as containers of the Sprite soft drink.

[2]   Before adoption of the Uniform Commercial Code (G.S. 25-2-101 *et seq.*, effective 1 July 1967), the law in this jurisdiction was that in an implied warranty of fitness did not extend to a container in which a product came from the producer. *Prince v. Smith*, 254 N.C. 768, 119 S.E. 2d 923. The first question before us is whether an implied warranty of fitness has now been extended by the Uniform Commercial Code to include a product's container such as the one involved here. We hold that it has.

G.S. 25-2-314 provides in pertinent part:

"(1)   Unless excluded or modified (§ 25-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(2)   Goods to be merchantable must be at least such as . . .

(c)   are fit for the ordinary purposes for which such goods are used; and . . .

(e)   are adequately contained, packaged, and labeled as the agreement may require. . . . "

In the official comment following this section it is stated:

"(e)   applies only where the nature of the goods and of the transaction requires a certain type of container, package or label."

[3]   The nature of bottled drinks, such as Sprite, requires a container which is adequate to contain the drink without breaking or exploding when handled with ordinary care. Another way of putting it is that under this section, soft drinks are not merchantable if inadequately contained. If they are sold in a container which is inadequate, the seller has breached his implied warranty of merchantability and he is liable for personal injury proximately caused by this breach. The fact that it is the container, rather than the product inside, which causes injury, does not make the injury any less a result of the seller's breach of warranty.

[4] A second question presented is whether a sale had taken place at the time the bottles allegedly exploded. Warranties arise under the Uniform Commercial Code only upon a sale of goods. 46 N.C.L. Rev. 451. "A 'sale' consists in the passing of title from the seller to the buyer for a price (§ 25-2-401)." G.S. 25-2-106(1). "Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place; and in particular and despite any reservation of a security interest by the bill of lading." G.S. 25-2-401(2).

In the case of *Insurance Co. v. Hayes*, 276 N.C. 620, 632, 174 S.E. 2d 511, 518, it was noted: "The most basic departure from previous law which is found in the Uniform Commercial Code is the abandonment of the concept of title as a tool for resolving sales problems. This departure is evidenced by G.S. 25-2-401 which, in effect, holds that title to goods passes from the seller to the buyer when the goods are delivered to the buyer."

Various cases decided before the adoption of the Uniform Commercial Code in the respective jurisdictions held that a sale of an article in a self-service store is not completed until payment has been made. *Lasky v. Economy Grocery Stores*, 319 Mass. 224, 65 N.E. 2d 305; *Loch v. Confair*, 361 Pa. 158, 63 A. 2d 24; *Day v. Grand Union Co.*, 280 App. Div. 253, 113 N.Y.S. 2d 436.

The above cases generally followed the prevailing rule that where a sale is shown to be for cash, title does not vest in the buyer until the seller has received payment in cash. Cases reaching contrary results include: *Sanchez-Lopez v. Fedco Food Corp.*, 211 N.Y.S. 2d 953; *Lucchesi v. H. C. Bohack Co., Inc.*, 8 U.C.C. Rep. 326.

[5] We are of the opinion that under G.S. 25-2-401(2) the time of payment is not determinative of the question of when a sale takes place. If there has been a completed delivery by the seller, the sale has been consummated and implied warranties arise under G.S. 25-2-314.

[6]   The presence of the drinks on the shelves in defendant's self-service store constituted an offer for sale and delivery at a stated price. If plaintiff took the drinks into his possession with the intention of paying for them at the cashier's counter, there was no further act of delivery necessary on the part of the seller. All that remained was for plaintiff to pay for the drinks—an act delayed until he reached the cashier's counter primarily for the convenience of the seller.

[7]   Defendant calls attention to the custom in self-service stores which permits a customer to return goods to the shelf without liability if he changes his mind about a purchase before reaching the checkout counter. However, even a right to return delivered goods to the seller does not necessarily delay passage of the title until that right has expired. G.S. 25-2-401 (4) provides: "A rejection or other refusal by the buyer to receive or retain the goods, whether or not justified, or a justified revocation of acceptance revests title to the goods in the seller." The result is that when a purchaser in a self-service store changes his mind and returns to the shelf a product which he has picked up with the intention of buying, title is revested in the seller. However, as long as the purchaser has the product in his possession, intending to pay for it, he has title to the product. The seller's interest at that point is not "title" but a security interest to enforce payment. "Any retention or reservation by the seller of the title (property) in goods shipped or delivered to the buyer is limited in effect to a reservation of a security interest." G.S. 25-2-401 (1).

[8]   The evidence presented would support a jury finding that plaintiff purchased the Sprite drinks by taking them into his possession with the intention of paying for them. Should the jury so find, the questions would then become: Was the warranty of implied merchantability breached by defendant, and if so, did the breach proximately cause the injuries sustained by the plaintiff? We are of the opinion the evidence is sufficient to go to the jury on these questions.

Reversed.

Judges CAMPBELL and BRITT concur.