

**In re D.D., Appellant.**

**No. 98–FS–2.**

District of Columbia Court of Appeals.

Argued May 20, 1999.

Decided June 21, 2001.

Deborah L. Harris, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, for appellant.

Sidney R. Bixler, Assistant Corporation Counsel, with whom John M. Ferren, Corporation Counsel at the time the brief was filed, and Robert R. Rigsby, Deputy Corporation Counsel at the time the brief was filed, and Rosalyn Calbert Groce, Director Policy and Appeals Branch, were on the brief, for the District of Columbia.

Before WAGNER, Chief Judge, and RUIZ, Associate Judge, and MACK, Senior Judge.

PER CURIAM:

Appellant, D.D., was adjudicated delinquent based on a finding that he was guilty of stealing a bicycle tire (D.C.Code § 22–

---

1311) (1996). D.D. argues that the evidence was insufficient to support a finding that he committed theft, as opposed to the uncharged crime of receiving stolen property (RSP). We affirm.

## I.

The evidence showed that B.S., an eleven-year-old, and his friend were riding their bicycles near the Reflecting Pool at the Capitol on June 6, 1997. D.D., and a companion, M.N., were together, and approached B.S. D.D. asked B.S. if he could buy the back wheel of B.S.'s bicycle for $17.00. B.S. declined the offer, and B.S. and his friend rode to the Reflecting Pool. B.S. testified that while riding to the Reflecting Pool, D.D. rode behind him, and D.D.'s companion was in front of him. B.S. and his friend left their bicycles and walked over to the Pool. Before doing so, B.S. secured the back wheel to the seat with handcuffs. B.S. testified that D.D. said he was going to chain his bike to a tree. B.S. looked back at one point and saw M.N. playing with the handcuffs. B.S. did not see D.D. at that time. When they returned about a half hour later, B.S.'s bicycle was gone, and he reported the theft to a policeman. B.S. described the two boys he had seen earlier. About ten minutes after a police look-out was broadcast, Officer Guy Rinaldi spotted D.D. at New Jersey Avenue and K Street, S.E., with five or six other juveniles on bicycles. When D.D. saw the officer, he said something to the group, and they all rode away. The officer chased D.D., who matched the look-out description. D.D. continued to look back as the officer chased him. B.S. was taken to the location where M.N. had been stopped, and B.S. said that the bike M.N. had was his, but it did not have its back wheel. B.S. later identified D.D. and the tire on the back of the bike that D.D. had as his tire and the one in which D.D. had expressed an interest in purchasing earlier.

D.D. testified at trial that he saw M.N. changing wheels on his bicycle, and decided to trade tires with him. The trial court rejected D.D.'s testimony as incredible and found that D.D. was involved in taking B.S.'s bike and had stolen the tire.

## II.

D.D. argues that the evidence was insufficient to support the finding that D.D. committed the theft. He contends that the evidence showed only that D.D. took possession of the wheel knowing it had been stolen, which would support an adjudication for RSP, but not theft. Viewing the evidence in the light most favorable to the government, and "giving full weight to the right of the [trial] judge, as the trier of fact, to determine credibility, weigh the evidence, and draw reasonable inferences," the evidence was adequate to support the conviction for the offense of theft. *Poulnot v. District of Columbia*, 608 A.2d 134, 137 (D.C.1992) (citation omitted).

The relevant statute provides in pertinent part that

[a] person commits the offense of theft if that person wrongfully obtains or uses the property of another with intent;

(1) To deprive the other of a right to the property or a benefit of the property; or

(2) To appropriate the property to his or her own use or to the use of a third person.

D.C.Code § 22–3811(b). The theft statute extends to conduct beyond the previous definitions. The en banc court observed in *Byrd v. United States*, 598 A.2d 386, 391 (D.C.1991) that the definition of theft under D.C.Code § 22–3811 "transcends the traditional and everyday concept of theft as 'the felonious taking and removing of personal property with intent to deprive the rightful owner of it.'" *Id.* (quoting

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2369 (1981)). The statute, by its plain language, proscribes in the alternative either wrongfully obtaining or wrongfully using the property of another with the intent to deprive that person of the benefit. Thus, a person commits the offense if that person either "wrongfully obtains or uses the property." *Id.* (citing D.C.Code § 22–3811(b)). "The phrase 'wrongfully obtains or uses' is given further definition [in] § 22–3811(a), including: '(1) Taking *or exercising control over* property; (2) making an unauthorized *use, disposition, or transfer* of an interest in or possession of property.' " *Id.* (emphasis in original).

 The evidence in this case clearly brings D.D. within this expansive definition of theft. Here, the evidence showed that D.D. offered to buy the tire from B.S., and followed him to where he left his bicycle. Shortly thereafter, D.D. ran from the police when they spotted him, and he was caught in possession of B.S.'s tire. Recent possession of stolen goods permits the reasonable inference that the person possessing it stole it. *Head v. United States,* 451 A.2d 615, 624–25 (D.C.1982); *see also Roberts v. United States,* 508 A.2d 110, 112–13 (D.C.1986). D.D. expressed an interest in the tire before it was taken; he was near the scene before the theft; he was in possession of the tire shortly after the theft, and D.D.'s companion had the

bike; and D.D. tried to evade the police when they spotted him with the stolen property. *See Wilson v. United States,* 528 A.2d 876, 878 n. 3 (D.C.1987) (Flight may reflect consciousness of guilt). The evidence, including permissible inferences, is adequate to support a conviction of theft.

That the same evidence could also support a finding of guilt of receiving stolen property, which was not charged in this case, does not preclude a finding of guilt of the theft offense, which was charged. *See Byrd, supra,* 598 A.2d at 392–93 (citations omitted); *Franklin v. United States,* 382 A.2d 20, 23–24 (D.C.1978).[1] The same proof may support conviction under statutes covering theft and receiving stolen property. *See Byrd,* 598 A.2d at 392–93; *Franklin,* 382 A.2d at 23–24.

For the foregoing reasons, the judgment appealed from hereby is

*Affirmed.*

MACK, Senior Judge, dissenting:

This case is not about the breadth of a statute. It is rather about the right of an accused, whether juvenile or adult, to defend against a criminal charge. It is also about the sufficiency of the evidence to have proven the charged crime. I agree with the appellant, D.D., that the evidence adduced (including any permissible inference that could be drawn therefrom) at his

---

1. In *Byrd,* the en banc court considered whether a section of the "District of Columbia Theft and White Collar Crimes Act," D.C.Code § 22–3803, which precluded consecutive sentences for theft and unauthorized use of a motor vehicle (UUV) was intended to apply to receiving stolen property (RSP) and UUV, even though RSP was not enumerated specifically in the statute. Recognizing the intimate relationship between RSP and theft, the court concluded that " § 22–3803 should be interpreted as a manifestation of legislative will to prohibit consecutive sentences for convictions of RSP and UUV arising out of the

same act or course of conduct." *Id.* at 393. Applying the prior theft statute, we also concluded that the same evidence, *i.e.,* unexplained possession of recently stolen goods, would have supported counts charging burglary, grand larceny and receiving stolen property. *Franklin, supra,* 382 A.2d at 23–24. The case had to be remanded because the jury had not been instructed that appellants could not be convicted of the receiving count in addition to the others. *Id.* In the case now before the court, appellant was charged with only one count of theft.

juvenile delinquency hearing[1] was insufficient to have supported a finding of guilt for theft under D.C.Code §§ 22–3811, –3812 (1996). I also agree that the evidence was sufficient to have supported a finding of guilt for receiving stolen property, D.C.Code § 22–3832, a crime that was not charged.[2]

The trial court found that "nobody saw who stole the bike" but, nonetheless, ruled that D.D. had stolen the wheel. In making its finding the trial court stated, "Whether it happened on the scene or away from the scene at the reflecting pool is irrelevant. It was one or the other.... And whether [the bicycle] had first been escorted to a different location by M.N., that they [*i.e.,* the prosecution] haven't proven beyond a reasonable doubt."

Contrary to the trial court's statements, whether D.D. participated in the theft of the bicycle at the reflecting pool or procured the wheel at a later point in time is critical to the outcome of this proceeding. The government had not proved that appellant stole the *bicycle* from the Reflecting Pool and, therefore, appellant's receipt of the *wheel* was not *legally* sufficient to support a charge of theft.[3]

A defendant cannot be convicted of both theft and receipt of stolen goods with respect to the same property. *See Heflin v. United States,* 358 U.S. 415, 419–20, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959) (finding that defendant could not be convicted of both robbing a bank and receiving the proceeds); *Franklin v. United States,* 392 A.2d 516 (D.C.1978), *cert. denied,* 440 U.S. 948, 99 S.Ct. 1428, 59 L.Ed.2d 637 (1979); *see also Milanovich v. United States,* 365 U.S. 551, 558, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961) (Frankfurter, J., dissenting on other grounds) ("It is hornbook law that a thief cannot be charged with committing two offenses—that is, stealing and receiving the goods that he stole."). In the case of theft, the crime is generally complete when the thief carries away the object which he had formed the design to steal. *See Stevenson v. United States,* 522 A.2d 1280, 1283 (D.C.1987) (quoting *United States v. Barlow,* 152 U.S.App.D.C. 336, 344, 470 F.2d 1245, 1253 (1972)). If one takes property, even if it is known to be stolen, after a theft has been completed, it is no longer theft but receiving stolen property. *See Milanovich, supra,* 365 U.S. at 559–60, 81 S.Ct. 728 (Frankfurter, J., dissenting).

In this case, the crime of theft had been completed with the asportation of the bicycle from the Reflecting Pool. The subsequent dividing of the bicycle parts (D.D. procured the wheel, a third boy obtained the seat scarf, and the bicycle itself was found at the scene with M.N.) no more incriminates D.D. in the theft than the third boy (who was not charged with any crime). The government's only eyewit-

---

1. This matter was tried with the trial court as the finder of fact.

2. This problem has arisen as a result of summary changes made in a petition without regard to, and incompatible with, the investigatory facts. The original petition filed in the Family Division of the Superior Court (against the recommendation of a probation officer) alleged that D.D had unlawfully sought to appropriate the bicycle of B.S. However, only four days before D.D. was tried, the description of the property allegedly stolen was changed to read that of "a bicycle wheel." The facts adduced at trial through the testimony of the complainant (B.S.), on the other hand, demonstrated that appellant had left the Reflecting Pool area soon after arrival and was not again seen by B.S. until after the theft had occurred. When asked by the prosecutor "who did you think had taken your bike," B.S. said, "[t]he short boy," (*i.e.,* M.N.).

3. The government tacitly conceded as much when it amended the petition to read "a bicycle wheel."

ness, B.S., testified that appellant was not at the scene when he saw M.N. playing with the handcuffs used to secure the bicycle. Moreover, B.S. twice identified M.N. as the boy who stole his bicycle and identified appellant merely as M.N.'s companion who had earlier offered to buy his wheel. On these facts, it is difficult to conclude— or as discussed shortly, draw a permissible inference—that it was appellant who "took and carried away"[4] the bicycle (*i.e.*, the whole of the parts). *See Mitchell v. United States*, 683 A.2d 111, 114 (D.C.1996) (conviction cannot rest on mere possibilities). The theft having been completed, the evidence therefore would have supported a charge of receiving stolen property (*i.e.*, the wheel) but not the theft thereof.

I disagree with my colleagues that an inference of guilt for the charge of *theft* may properly be drawn from appellant's flight from the police or his possession of the recently stolen bicycle wheel. As noted, the evidence refutes appellant's participation in the theft; D.D. was neither observed at the scene nor identified by the complainant as the thief. D.D.'s "flight" arguably reflected some consciousness of guilt, but only to the extent that he knew he had received a stolen wheel, as the trial court found. *See Scott v. United States*, 412 A.2d 364, 371 (D.C.1980). It is mere speculation that D.D. fled because he had participated in the actual theft of the bicycle. *Cf. Wilson v. United States*, 528 A.2d 876, 878 (D.C.1987) (flight instruction proper where witnesses and police observed single defendant fleeing the scene). Likewise, appellant's "possession" does not "support a logical deduction that the possession of the stolen property could have been acquired *only* by the *possessor's theft*

of that property." *Pendergrast v. United States*, 135 U.S.App.D.C. 20, 31, 416 F.2d 776, 787, *cert. denied*, 395 U.S. 926, 89 S.Ct. 1782, 23 L.Ed.2d 243 (1969) (emphasis added) (cited in *Head v. United States*, 451 A.2d 615, 625 (D.C.1982)). *Cf. Roberts v. United States*, 508 A.2d 110, 112–13 (D.C.1986) (photographs of defendant at crime scene combined with possession of stolen property was sufficient for conviction of theft). More importantly, in this case, the use of the inference would obliterate the distinction between the crimes of theft and receipt of stolen property—still separate crimes, despite the current "broad" theft statute.

I respectfully dissent.

---

4. "An individual has committed larceny if that person 'without right took and carried away property of another with the intent to permanently deprive the rightful owner there-

of.'" *Lattimore v. United States*, 684 A.2d 357, 360 (D.C.1996) (quoting *Durphy v. United States*, 235 A.2d 326, 327 (D.C.1967)).