# State of Vermont v. Edward R. Grant, Jr.

[373 A.2d 847]

No. 53-76

Present: Barney, C.J., Larrow, Billings, and Hill, JJ., and Shangraw, C.J., (Ret.), Specially Assigned

Opinion Filed April 5, 1977

*Richard G. English,* Addison County State's Attorney, Middlebury, for Plaintiff.

*James L. Morse,* Defender General, and *Robert M. Paolini,* Deputy Defender General, Montpelier, for Defendant.

**Hill, J.** This appeal arises from a verdict returned by a jury in the District Court of Vermont, Unit No. 2, Addison Circuit, finding the defendant-appellant Edward R. Grant guilty of the crime of petit larceny, a violation of 13 V.S.A. § 2502.

The record discloses that on the evening of August 31, 1975, the appellant entered the Middlebury Discount and Redemption

Center. Once on the premises the appellant proceeded to the display rack where the store's supply of cigarettes was located. Mrs. Nancy Fitzsimmons, the co-owner of the store, saw the appellant remove two cartons of cigarettes from the shelf and place them under his shirt and pants. Appellant then walked to the front of the store directly across from the check-out counter. Mrs. Fitzsimmons immediately informed her husband of the taking. Mr. Fitzsimmons confronted the appellant and asked him three times whether he had taken any cigarettes. Each time the appellant denied having taken the cigarettes. Mr. Fitzsimmons then lifted the appellant's shirt and removed the cartons of cigarettes from his person. At no time did the appellant open the cigarette cartons, nor did he ever attempt to leave the store while the cigarettes were in his possession.

After these events, appellant was arrested and charged with petit larceny. Trial was held in Addison County Courthouse. Because of a critical shortage of courtroom facilities, proceedings were held in very cramped and crowded quarters within the building. The physical arrangement was such that all involved in the trial process were in close proximity with one another, thereby making confidential communication difficult. At the close of the State's case, it was brought to the court's attention by defense counsel that the defendant had been stopped by his probation officer in the presence of the jury and questioned as to whether he was seeing his psychiatrist. Arguing that the exchange was prejudicial to the defendant, counsel moved for a dismissal. The court denied the motion, choosing instead to caution the jury to discount any conversation they may have overheard.

After both parties had rested, the defense counsel moved for a directed verdict, or, in the alternative, for a new trial on the ground that defendant had been denied due process of law as a result of the inadequate courtroom facilities. The court, equally inconvenienced by the crowded conditions, "reluctantly" denied the motion. Following the verdict of guilty, defense counsel renewed the prior motion based on the inadequate courtroom. The motion was again denied. Defendant now appeals the judgment entered against him.

Appellant has assigned for our consideration two points of error: (1) whether the offense of petit larceny was sufficiently made out in view of the fact that appellant made no effort to carry the goods away; and (2) whether the nature of the courtroom

facilities denied appellant his right, under the Sixth Amendment of the United States Constitution and Chapter I, Article X, of the Vermont Constitution, to a fair trial by an impartial jury and the right to counsel. We are of the opinion that the judgment rendered below, supported as it is by the record, was a proper one.

I.

Appellant argues that the elements of common law larceny, as incorporated in 13 V.S.A. § 2501 and § 2502, were not properly established in the present case since the record reveals that he never attempted to carry the cigarettes away from the store premises. As a result, appellant contends that an essential element of the crime of larceny, an asportation or carrying away, was absent and that the offense was therefore incomplete.

■ ■ It can hardly be gainsaid that before the crime of larceny can be made out, it must be shown that there was a taking in fact. Larceny, as it has developed in the common law, is best defined as the taking and removal, by trespass, of personal property, which the trespasser knows to belong to another, with the felonious intent to deprive him of his ownership therein. *State v. Levy*, 113 Vt. 459, 461, 35 A.2d 853 (1944); *State v. Reed*, 127 Vt. 532, 538, 253 A.2d 227 (1969). In order to establish a taking, the State was not required to prove that appellant actually transported the cigarettes from the store premises. In the case of *Groomes v. United States*, 155 A.2d 73, 75 (D.C. 1959), the court, under circumstances very much like those here, ruled:

> It is well settled that the elements of a taking and asportation are satisfied where the evidence shows that the property was taken from the owner and was concealed or put in a convenient place for removal. The fact that the possession was brief or that the person was detected before the goods could be removed from the owner's premises is immaterial.

In the instant case, the appellant purposively removed the cigarettes from the shelf, secreted them under this clothing, and walked to the front of the store. In view of these facts, it seems to us that there was sufficient proof to establish that the appellant had wrongfully assumed possession of the cigarettes and had carried them away with the intent of depriving the owner

thereof. Accordingly, on this basis we would uphold the propriety of the verdict rendered below.

## II.

■ ■ Appellant next seeks reversal of the judgment on the basis of his contention that the court facilities employed at trial were such as to deprive him of his constitutionally safeguarded right to a fair trial by an impartial jury and his right to effective legal counsel.

This Court has long been of the view that the atmosphere essential to the maintenance of a fair trial must be preserved. See *State* v. *Ovitt*, 126 Vt. 320, 229 A.2d 237 (1967); *State* v. *Truman*, 124 Vt. 285, 204 A.2d 93 (1964). We subscribe to the sentiments expressed by Chief Justice Warren in his concurring opinion in *Estes* v. *Texas*, 381 U.S. 532, 561, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965):

> [T]he courtroom in Anglo-American jurisprudence is more than a location with seats for a judge, jury, witnesses, defendant, prosecutor, defense counsel and public observers; the setting that the courtroom provides is itself an important element in the constitutional conception of trial, contributing a dignity essential to "the integrity of the trial" process.

Despite the fact that our review of the proceedings below revealed a lack of prejudice to appellant arising from the trial environment, we believe that conditions of this sort have the potential for distorting the integrity of the judicial system and bringing into doubt the fairness of the fact-finding process engaged therein. Admonitions are, of course, no more than words; the appropriate remedy to be pursued lies in those steps that will address the problem before any real harm is allowed to arise.

In the instant case, we can discern no point during trial where appellant's rights were jeopardized. The trial court judge was fully aware of the problem and took expeditious steps to minimize any prejudice that might otherwise have arisen. Defense counsel was, on the one occasion it was requested, allowed adequate time and facilities in which to converse in private with the appellant. Further, in any courtroom both

counsel and his client are fully cognizant of the location of the jury and thus know whether their discussions are apt to be overheard. The fact that client and attorney are required to converse in whispers is inconvenient, but it does not trespass on the purpose of the criminal trial - the fair and reliable determination of guilt or innocence. *United States* v. *Denno*, 221 F.2d 626, 629 (2d Cir. 1955); *United States* v. *Fay*, 230 F.Supp. 942, 947 (S.D.N.Y. 1964).

In regard to the statement made by the appellant's probation officer to the appellant in the presence of the jury, we are of the opinion that even had the jurors in fact overheard the words, the nature of the remark was incapable of influencing the jury favorable to the State and thereby prejudicing the deliberative function of the jury. *State* v. *Ovitt, supra,* 126 Vt. at 325; *Bellows Falls* v. *State Highway Board,* 123 Vt. 408, 190 A.2d 695 (1963).

Though we harbor some misgivings as to the facilities employed in the case, the record convinces us that appellant was afforded a fair and impartial trial, and that he was effectively represented by legal counsel.

*The judgment of the District Court of Vermont, Unit No. 2, Addison Circuit, is affirmed.*