FREEMAN v MEIJER, INC

Docket No. 78-5183. Submitted December 13, 1979, at Lansing.—
Decided February 20, 1980.

Beatrice Freeman brought an action on behalf of herself and
Kimberly Freeman in District Court against Meijer, Inc. (Mei-
jer), for unlawful arrest, false imprisonment and assault and
battery as a result of being arrested by Meijer's employees
when they tried to depart from defendant's self-service store.
This resulted in a jury verdict of no cause of action. Plaintiffs
appealed to the Washtenaw Circuit Court, which affirmed, Ross
W. Campbell, J. Plaintiffs appeal by leave granted. *Held:*

1. The elements of larceny in a building are 1) an actual or
constructive taking of goods or property, 2) a carrying away or
asportation, 3) the carrying away must be with a felonious
intent, 4) the subject matter must be the goods or personal
property of another, 5) the taking must be without the consent
and against the will of the owners, and 6) the taking must be
done within the confines of the building. Asportation with
criminal intent as an element of larceny must be shown by
some conduct which demonstrates possession by the defendant
adverse to the store. In a self-service store, the mere taking up
of goods in the sales area does not constitute asportation with
felonious intent, and concealment is not the only conduct
demonstrating asportation with felonious intent. The acts of
removing the price tags from jackets and attempting to soil the
jackets coupled with movement of the jackets constitutes suffi-
cient evidence of asportation with felonious intent. There was

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur 2d, Larceny § 9.

[2] 50 Am Jur 2d, Larceny §§ 50, 143.

Changing of price tags by patron in self-service store as criminal
offense. 60 ALR3d 1293.

What conduct amounts to overt act or acts done toward commission
of larceny so as to sustain charge of attempt to commit larceny.
76 ALR3d 842.

[3] 61 Am Jur 2d, Pleading §§ 15, 17, 174 *et seq.*

[4] 5 Am Jur 2d, Appeal and Error § 810.

22 Am Jur 2d, Damages § 345.

evidence sufficient for the jury to believe that plaintiffs had committed a felony, justifying their arrest by Meijer's employees.

2. Defendant is not bound to its pleading of a conclusion of law, *i.e.,* that plaintiffs had committed attempted larceny, a misdemeanor, and the trial court did not err in ordering an amendment of the pleading to conform to the facts proven. A pleading party is only bound to *facts* pled.

3. A plaintiff must establish a claim for relief before an alleged error by the trial judge regarding damages may be a cause for reversal on appeal.

Affirmed.

1. LARCENY — ELEMENTS OF LARCENY IN A BUILDING.

The elements of larceny in a building are 1) an actual or constructive taking of goods or property, 2) a carrying away or asportation, 3) the carrying away must be with a felonious intent, 4) the subject matter must be the goods or personal property of another, 5) the taking must be without the consent and against the will of the owner, and 6) the taking must be done within the confines of the building.

2. LARCENY — ASPORTATION WITH FELONIOUS INTENT — EVIDENCE.

Asportation with criminal intent as an element of larceny must be shown by some conduct which demonstrates possession by the defendant adverse to the store; in a self-service store, the mere taking up of goods in the sales area does not constitute asportation with felonious intent, but concealment is not the only conduct demonstrating asportation with felonious intent; the acts of removing the price tags from jackets and attempting to soil the jackets coupled with movement of the jackets constitutes sufficient evidence of asportation with felonious intent.

3. PLEADING — COURT RULES — ADMISSIONS.

The court rule allowing facts pleaded by a party to be considered by an opposing party as admissions does not operate to bind a party to its pleadings of conclusions of law (GCR 1963, 604).

4. APPEAL AND ERROR — INSTRUCTIONS TO JURY — DAMAGES.

A plaintiff must establish a claim for relief before an alleged error by the trial judge regarding damages may be a cause for reversal on appeal.

*Burgoyne & Pratt,* for plaintiff.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Alfred J. Alteri),* for defendant.

Before: T. M. BURNS, P.J., and J. H. GILLIS and BASHARA, JJ.

BASHARA, J. Plaintiffs, Beatrice and Kimberly Freeman, appeal by leave granted from a decision of the circuit court affirming a district court verdict of no cause of action in favor of defendant, Meijer, Incorporated. Plaintiffs' action for unlawful arrest, false imprisonment and assault and battery resulted when plaintiffs were arrested by defendant's employees as they attempted to depart from defendant's self-service store.

Defendant's employees, being private citizens, have the power to arrest only when a felony has been committed. MCL 764.16; MSA 28.875. Larceny in a building is a felony. MCL 750.360; MSA 28.592.

Plaintiffs sought a directed verdict on the grounds that there was insufficient evidence to support a finding of larceny in a building. They contended that no criminal acts had been performed or, alternatively, that the evidence only established a misdemeanor of attempted larceny. MCL 750.92; MSA 28.287. The trial judge denied the motion. When charging the jury, the court instructed that they could only find for defendant if it was determined that larceny in a building had been committed. The jury returned a verdict of no cause of action. Plaintiffs' motion for a judgment notwithstanding the verdict was denied.

Plaintiffs first contend that the trial judge erred in denying their motions for a directed verdict and judgment notwithstanding the verdict. This requires us to determine if there was sufficient evidence, when viewed in a light most favorable to

defendant, to support a finding of larceny in a building.

The record reveals that on June 5, 1973, plaintiffs, mother and daughter, were shopping at defendant's store. They stopped to try on some nylon jackets. Mrs. Freeman was observed by a security guard removing a price tag from one of the jackets and dropping it on the floor. The jackets were then placed in a shopping cart and taken to another department. The plaintiffs donned the jackets a second time and were seen rubbing the collars of the jackets on the back of their necks. Plaintiffs became aware of surveillance by store security personnel and again moved to another department where they left the jackets. A third jacket was taken to the check-out counter, but was not purchased after the cashier called for a price check on the jacket. When plaintiffs attempted to leave the store, they were arrested by store security personnel.

The essential elements of larceny in a building were set forth in *People v Wilbourne,* 44 Mich App 376, 378; 205 NW2d 250 (1973), as follows:

"(1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with a felonious intent, (4) the subject matter must be the goods or the personal property of another, (5) the taking must be without the consent and against the will of the owner, * * * [and] (6) the taking must be done within the confines of the building."

The elements of asportation and felonious intent are disputed in the present case. In a self-service store, the mere taking up of goods in the sales area does not constitute asportation with felonious intent. *Durphy v United States,* 235 A2d 326 (DC

App, 1967). There must be some conduct by the customer which makes his possession clearly adverse to the store. *Id.* An asportation with criminal intent may be found where goods have been concealed. *People v Bradovich,* 305 Mich 329; 9 NW2d 560 (1943). Plaintiffs argue that larceny in a building in a self-service store cannot occur without concealment. We disagree.

Concealment is merely one way of expressing criminal intent. As soon as criminal intent is present, the slightest movement of goods within a self-service store constitutes asportation and the crime is complete. A later abandonment of the attempt to remove the goods from the store is no defense. *People v Patricia Williams,* 63 Mich App 531; 234 NW2d 689 (1975).

We find that the acts of removing the price tags from the jackets and attempting to soil the jackets provide sufficient evidence to find a felonious intent. Thereafter, the movement of the goods provided the asportation which completed the crime of larceny in a building.

Plaintiffs next contend that a directed verdict should have been granted because defendant was bound by statements contained in its pleadings, interrogatories and pretrial statements, that it had arrested plaintiffs for attempted larceny, a misdemeanor.

Plaintiffs rely on GCR 1963, 604, incorporated into the District Court Rules by DCR 601, which provides:

"Any statement of fact set forth in any pleading shall be treated as an admission by the pleader and need not be proved by the opposite party."

We find plaintiffs' reliance on GCR 604 is mis-

placed because the court rule refers only to *admissions of fact.* Whether a series of acts amounts to larceny in a building or attempted larceny is a conclusion of law. Certainly, the court is not bound as to a party's characterization of an offense. *People v Taylor,* 96 Mich 576; 56 NW 27 (1893).

Moreover, the plaintiff was not prejudiced by the trial judge allowing the defendant to argue that larceny in a building had occurred. The pretrial statement was not incorporated into the pretrial summary.[1] See *Denolf v Frank L Jursik Co,* 395 Mich 661; 238 NW2d 1 (1976).

The transcript of the pretrial conference reveals that the threshold question to be resolved at trial was the classification of plaintiffs' acts as either a felony or misdemeanor. The pretrial conference occurred more than four months prior to trial. We conclude that the trial judge did not err by denying the motion for a directed verdict.

Plaintiffs maintain that, notwithstanding the issue of whether defendant was bound by its pleadings, the circuit court erred by ordering defendant's pleadings amended. The record indicates that while defendant was given an opportunity to amend its pleadings by the trial judge, it failed to do so.

The power of the circuit court to order the pleadings amended is expressly found in MCL 600.2311; MSA 27A.2311, which provides in part:

"Sec. 2311. After judgment rendered in any cause, any defect or imperfections *in matter or form,* contained in the record, pleadings, proless, entries, returns,

---

[1] In *Berlin v Snyder,* 89 Mich App 38; 279 NW2d 322 (1979), this Court, quoting 2 Honigman and Hawkins, Michigan Court Rules Annotated, (2d ed) pp 7-8, stated, "The court's pretrial summary is an important document, which will control the future course of the trial insofar as it contains admissions or limitations of issues to be presented for trial."

or other proceedings, may be rectified and amended by the court in affirmance of the judgment, so that such judgment shall not be reversed or annulled * * *." (Emphasis added.)

This section reflects the intention of the Legislature that the technical forms of pleadings should not obstruct the ends of justice. See also GCR 1963, 118.3. We conclude that plaintiffs' argument is without merit.

Plaintiffs' final allegation of error is that the trial judge should not have instructed the jury regarding the limitation of damages statute, MCL 600.2917; MSA 27A.2917.

Plaintiffs must first establish a claim for relief before any possible error relating to this statute could cause reversal. As the jury returned a verdict of no cause of action, the argument is without foundation.

Affirmed, costs to appellee.