RYDER, Judge.
Roy Haslem a/k/a Leroy Gatchet was charged by information with (1) grand theft, (2) resisting arrest with violence and (3) battery on a law enforcement officer in violation of Sections 812.014, 843.01 and 784.07, Florida Statutes (1979). He was convicted as charged and appeals only his motion for judgment of acquittal as to the grand theft charge and the denial of a motion in limine to strike the “also known as” (a/k/a) phrase from the information. We find no merit whatsoever as to the appeal from the denial of the motion in limine, and thus affirm that portion of the appeal. We do find merit pertaining to the grand theft charge.
The testimony elicited during the jury trial revealed that a police officer Dunkle-berger was working part-time as a security guard in plain clothes at a K-Mart store approximately four days before Christmas. Manager Jack Thomas alerted him to the presence of two males in the shoe department who he thought were behaving suspiciously. Dunkleberger testified that as he approached the appellant, an employee conversed with the appellant and identified Dunkleberger as a police officer:
Dunkleberger further testified that the appellant later left the store, but before doing so, appellant left a torn bag of shoes *390 inside the store in the custody of his brother and, in departing, asked his brother “to watch the bag for him.” Dunkleberger followed the appellant outside, informed him that he was a police officer and requested that he return to the store. An ensuing struggle followed which resulted in appellant being charged with resisting arrest with violence and battery on a law enforcement officer, which, as previously noted, are not relevant to this appeal.
The appellant testified that he had gone to the K-Mart store to make Christmas purchases and had selected seven pairs of shoes. As there were no shopping carts available due to the holiday crowds, the appellant had been given a bag by a K-Mart employee to carry the shoes to the check-out counter. After selecting the shoes, the appellant discovered that he had left his wallet in the car: He asked his brother to watch the bag of shoes which he left inside the store while he went outside to retrieve his wallet. Without warning, Dunkleberger grabbed him and asked him to return to the store. The appellant admitted struggling with the police officer, saying that he hadn’t done anything wrong and that they were not affording him a chance to explain that he had gone outside to get his wallet.
The issue of what would legally constitute theft from a store when the suspect never carried anything outside of the store is one which only scattered opinions throughout the United States have contemplated. Further complications arise when the store involved is a self-service one, as was the K-Mart store here.
The act of moving goods within a self-service store does not per se constitute a possession of those goods which is clearly adverse to that of the owners, from which intent to steal could be inferred. Therefore, courts have held that the burden of proof in establishing the intent to steal by a defendant is more onerous upon the prosecution where the offense alleged occurred inside a self-service store. Jones v. State, 55 Ala.App. 274, 314 So.2d 876 (Cr.App.1975); Groomes v. U. S., 155 A.2d 73 (D.C.1959). See Freeman v. Meijer, Inc., 95 Mich.App. 475, 291 N.W.2d 87 (1980); People v. Britto, 93 Misc.2d 151, 403 N.Y.S.2d 546 (Cr.Ct.1978). Cf. State v. Grant, 135 Vt. 222, 373 A.2d 847 (1977).
Nevertheless, an asportation of goods within a self-service store can be sufficient to prove a case of theft if the movement of the goods within the store is coupled with criminal intent which is most often shown by the fact that the suspect attempted to conceal the goods. People v. Bradovich, 305 Mich. 329, 9 N.W.2d 560 (1943); State v. Hauck, 190 Neb. 534, 209 N.W.2d 580 (1973). In a case addressed by this court in 1976, the suspects secreted garbage bags full of Zayre’s property under clothing racks within the store. We held that the actions of the suspects, when coupled with the fact that they had no money or credit cards, that they had repeatedly returned to the store and that they had secreted the clothes within the garbage bags underneath a clothing rack, constituted sufficient proof of criminal intent to steal. C. E. v. State, 342 So.2d 979 (Fla. 2d DCA 1976).
In the Britto case, the defendant put paper towels and other items in a brown paper bag belonging to the store, but also put six or seven ham steaks under his belt and stated when stopped at the door, “You got me-have the meat. I’m leaving,” Id. 403 N.Y.S.2d at 548. The New York court held that the placing of items within the store’s bag, when coupled with the concealment of the ham steaks under the belt and the confession to an employee at the door, constituted sufficient proof of criminal intent to steal the goods.
However, in another case, the defendant had put meat into a self-service grocery store’s own shopping bag and even though the defendant had also placed a baby blanket on top of the bag containing the meat, the court held that this was not concealment. The court stated additionally that it would be difficult to infer concealment where the defendant had acted in the same manner before and after he knew he was being observed by the store manager. Durphy v. U. S., 235 A.2d 326 (D.C.1967).
*391 The only facts in the instant case from which a criminal inte it to steal could be inferred is the concealment of the shoes within the torn K-Mart bag. The problem with “concealment” here is that the tear actually allowed a casual observer a view to the bag’s contents. Unlike the facts in C. E., it was not shown that the appellant was without any funds with which to purchase the shoes. Unlike the facts in Britto, the appellant did not additionally conceal anything within his clothing, nor did he admit that he had been foiled in an attempt to steal the shoes.
Like the facts in Durphy, the appellant had placed store items within a K-Mart bag and acted in the same manner before and after he knew that Dunkleberger was observing him, indeed, appellant physically left the shoes in the custody of his brother with verbal instructions audible to all concerned.
There is no indication in the case at hand that the appellant did not intend to go through check-out procedures and pay for the shoes. To the contrary, there are indications that the appellant merely wanted to go out and retrieve his wallet from the car. It appears that the only thing the prosecution showed in this case was an authorized temporary possession of the store’s merchandise. Although the intent of a suspect is certainly an issue for the trier of fact, there was no substantial evidence from which criminal intent could have been inferred in this case. This is true particularly in light of the findings of other courts that there is a higher standard of proof upon the prosecution in self-service situations. Facts showing only suspicious possession within a self-service store have been held insufficient to demonstrate a theft. Britto, supra; Freeman, supra; Groomes, supra; Durphy, supra.
Because of the lack of evidence to support the intent element, we reverse the trial court’s denial of the motion for a judgment of acquittal in regard to the grand theft charge, and order the setting aside of the judgment of guilt and sentence thereon, and in their place the entry of a judgment of acquittal; otherwise, affirmed.
AFFIRMED in part; REVERSED in part and REMANDED with instructions.
HOBSON, Acting C. J., and OTT, J., concur.