PEOPLE v McFARLAND

Docket No. 88131. Submitted April 14, 1987, at Lansing. Decided February 1, 1988.

Alma Jean McFarland was convicted of larceny in a building following a jury trial in Washtenaw Circuit Court, Patrick J. Conlin, J. Defendant appealed, claiming that the conviction was not supported by sufficient evidence of an actual or constructive taking of the item stolen or asportation with felonious intent. Defendant also claimed that the jury was not properly instructed on the issue of intent.

The Court of Appeals *held:*

1. An actual or constructive taking and asportation with felonious intent were sufficiently established at trial with evidence showing that defendant, while inside a retail establishment, had concealed in one of her gloves a ring shown to her by a sales clerk and then left the establishment.

2. The trial court made no error when instructing the jury on the issue of intent.

Affirmed.

1. CRIMINAL LAW — APPEAL — EVIDENCE — CIRCUMSTANTIAL EVIDENCE — SUFFICIENCY OF EVIDENCE.

The Court of Appeals, in reviewing the issue of whether there was sufficient evidence to support a defendant's conviction, views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

REFERENCES

Am Jur 2d, Evidence §§ 264, 1080, 1172; Larceny §§ 15-17, 49.

Modern status of rule regarding necessity of instruction on circumstantial evidence in criminal trial—state cases. 36 ALR4th 1046.

What conduct amounts to an overt act or acts done toward commission of larceny so as to sustain charge of attempt to commit larceny. 76 ALR3d 842.

Larceny: entrapment or consent. 10 ALR3d 1121.

See also the annotations in the Index to Annotations under Evidence; Larceny or Theft; Shoplifting.

2. LARCENY — LARCENY IN A BUILDING.

> The elements of larceny in a building are: (1) an actual or constructive taking, (2) an asportation, (3) with a felonious intent, (4) of someone else's property, (5) without that person's consent, (6) in a building.

3. LARCENY — LARCENY IN A BUILDING — ASPORTATION WITH CRIMINAL INTENT.

> Asportation with criminal intent as an element of larceny in a building may be found when goods have been concealed; concealment is one way of expressing criminal intent.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

*Barr, Anhut & Sacks, P.C.* (by *John M. Barr*), for defendant.

Before: CYNAR, P.J., and SHEPHERD and B. A. JASPER,* JJ.

B. A. JASPER, J. Defendant was convicted of larceny in a building, MCL 750.360; MSA 28.592, and was sentenced to one year of probation and assessed a $100 fine, $500 in court costs and $399 in restitution.

Defendant's conviction stems from an incident which took place at a Best Products store in Pittsfield Township. Defendant and her son, Randall, were looking at men's rings. Amidst some confusion, one of four rings defendant and her son looked at disappeared. Defendant, her son, and the clerk, Elizabeth Wallgren, proceeded to look for the ring, but to no avail. The defendant left her name and phone number with the store manager.

After the defendant had departed, a customer,

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Victor Van Houghtegen, who had also been at the jewelry counter, approached a second sales clerk, Teresa Bogos, and told her that he had seen defendant put the ring in one of her gloves. He stated that, while searching for the ring, defendant never let go of her gloves and no one asked to check the gloves. This account was corroborated by the two sales clerks who stated that defendant never shook her gloves and, when defendant picked them up, she picked them up by the cuffs.

Defendant raises two issues on appeal, neither of which merit reversal. The first is that there was insufficient evidence of an actual or constructive taking of the ring and asportation with a felonious intent to support defendant's conviction. We disagree.

When reviewing whether sufficient evidence was presented to support a conviction, this Court views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Frank Johnson,* 146 Mich App 429, 435; 381 NW2d 740 (1985), lv den 425 Mich 855 (1986), citing *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), cert den 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980).

The elements of larceny in a building are: (1) an actual or constructive taking, (2) an asportation, (3) with a felonious intent, (4) of someone else's property, (5) without that person's consent, (6) in a building. *People v Cavanaugh,* 127 Mich App 632, 636; 339 NW2d 509 (1983). In the instant case, defendant contends that insufficient evidence of elements (1) through (3) was presented at trial to support her conviction.

Defendant's argument is without merit. In *Freeman v Meijer, Inc,* 95 Mich App 475, 479; 291

NW2d 87 (1980), citing *People v Bradovich,* 305 Mich 329; 9 NW2d 560 (1943), this Court noted that an asportation with criminal intent may be found when goods have been concealed. Concealment is one way of expressing criminal intent. The *Freeman* Court noted that as soon as criminal intent is present, the slightest movement of goods within a self-service store constitutes asportation, and the crime is complete. 95 Mich App 479.

In the instant case, Victor Van Houghtegen testified that he saw defendant conceal the ring in her glove when Wallgren's back was turned. Although his description of the ring was inaccurate, the ring he saw was probably the missing ring. Teresa Bogos testified that although defendant emptied her purse she never shook her gloves, and when she picked them up, she picked them up by the cuffs.

Elizabeth Wallgren also testified that defendant never shook her gloves. Defendant took her gloves with her when she left the jewelry counter. When the evidence that was presented is viewed in a light most favorable to the prosecution, it is clearly sufficient to establish an actual or constructive taking of the ring, asportation, and carrying away with felonious intent. *Frank Johnson, Freeman, supra.*

Defendant also argues that the jury instructions regarding the intent necessary to convict defendant of larceny in a building were insufficient. This issue too lacks merit. First, defendant's failure to object to the jury instructions precludes appellate review absent a miscarriage of justice. *People v Federico,* 146 Mich App 776, 784-785; 381 NW2d 819 (1985), lv den 425 Mich 867 (1986). Second, this Court reviews jury instructions in their entirety. *People v Ritsema,* 105 Mich App

602, 609; 307 NW2d 380 (1981), lv den 413 Mich 934 (1982).

In the instant case, defendant claims that the trial court did not mention that the taking of the ring must have been done with felonious intent. That claim is incorrect. The court first instructed the jury as to the elements of larceny in a building. Immediately after outlining the elements, the court instructed the jury that "the crime charged in this case requires proof of specific intent before the defendant can be convicted . . . . In this case she must have acted with the desire or knowledge that a larceny would occur. Such intent may be proven by the things defendant said or did, the way she did them, or any other facts or circumstances in this case." Therefore, as noted by the people in their brief, defendant's act of concealment proved both the elements of asportation and carrying away with criminal intent. The jury instructions were proper.

Affirmed.