PEOPLE v HODGES

Docket No. 107459. Submitted June 7, 1989, at Detroit. Decided
August 21, 1989. Leave to appeal applied for.

Gregory Hodges was convicted of kidnapping, assault with intent
to do great bodily harm less than murder, and assault with
intent to rob while armed following a jury trial in the Record-
er's Court for the City of Detroit. The trial court, Richard P.
Hathaway, J., sentenced defendant to concurrent prison terms
of twenty to forty years for the kidnapping conviction, six to
ten years for the assault with intent to do great bodily harm
less than murder conviction, and twenty to forty years for the
assault with intent to rob while armed conviction. Defendant
appealed.

The Court of Appeals *held:*

1. The trial court's failure to sua sponte give a limiting
instruction on the use of defendant's admissions is not grounds
for relief.

2. There was sufficient evidence of asportation to support the
kidnapping conviction.

3. The trial court's completion of a sentencing information
report for the kidnapping offense was sufficient. The trial court
gave adequate reasons for the sentences for the assault convic-
tions. The concurrent sentences do not shock the judicial con-
science of the Court of Appeals.

Affirmed.

1. APPEAL — CRIMINAL LAW — JURY INSTRUCTIONS — PRIOR INCONSIS-
TENT STATEMENTS.

The general rule is that, where no request has been made for a
limiting instruction on the use of prior inconsistent statements,
relief will not be given as a result of such use when there is no
demonstration or likelihood of prejudice and where neither the
court nor the prosecutor suggested to the jury that prior
inconsistent statements could be used as substantive evidence.

REFERENCES

Am Jur 2d, Abduction and Kidnapping § 18; Criminal Law §§ 527,
551; Trial §§ 577, 687.
See the Index to Annotations under Abduction and Kidnapping.

2. Kidnapping — Asportation — Forcible Confinement.

There must be proof in a prosecution for kidnapping where forcible confinement is charged of an asportation of the victim which is not merely incidental to an underlying crime, unless the crime involves murder, extortion or taking a hostage; asportation incidental to those types of crimes is sufficient asportation to support a kidnapping conviction.

3. Kidnapping — Asportation.

A factor to be considered in determining whether the movement of a person adequately constitutes the necessary legal asportation for a charge of kidnapping involving the forcible or secret confinement of a person is whether the movement adds either a greater danger or threat thereof.

4. Criminal Law — Sentencing Information Reports — Multiple Convictions.

A sentencing information report need only be prepared for the conviction which carriers the highest statutory maximum sentence where a single offender is sentenced for multiple convictions; the sentencing court may prepare a sentencing information report on either offense where two convictions have the same highest maximum sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Mary Sue Czarnecki,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Gail Rodwan*), for defendant on appeal.

Before: Michael J. Kelly, P.J., and Shepherd and Neff, JJ.

Shepherd, J. Following a jury trial, defendant was convicted of kidnapping, MCL 750.349; MSA 28.581, assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and assault with intent to rob while armed, MCL 750.89; MSA 28.284. He was sentenced to concur-

rent prison terms of twenty to forty years, six to ten years, and twenty to forty years, respectively. Defendant appeals by leave granted. We affirm.

On April 3, 1987, the complainant was approached by the defendant while sitting in her car at a drive-through automated bank teller machine. Defendant put a knife to her throat, threatened to kill her, got into the driver's side of the car, and drove away. The complainant continued to scream for help as they drove. Defendant responded by stopping the car on the first side street past the bank, saying "That's it. You are dead. I'm going to kill you." Defendant then cut the complainant on her ear, hand and knee with his knife as the complainant struggled to keep the knife away from her throat. Defendant also demanded the complainant's money and watch.

A police officer in the area observed the struggle from his patrol vehicle. He was able to get defendant out of the complainant's car and place him under arrest.

The defense at trial was a lack of specific intent due to defendant's use of marijuana. Defendant testified that he took three puffs of a marijuana cigarette on the night in question and did not recall anything that happened until the following day when he was in jail being questioned by Detroit Police Sergeant Rodney Davin. The prosecution impeached defendant's testimony regarding his lack of memory due to marijuana use by eliciting defendant's testimony that he had admitted committing virtually every act alleged by the complainant when questioned by Sergeant Davin.

On appeal, defendant contends that the trial court should have sua sponte instructed the jury that defendant's admissions to Sergeant Davin could not be used as substantive evidence, but only to impeach his trial testimony. Defendant appar-

ently concedes that his admissions could have been introduced as substantive evidence of guilt under MRE 801(d)(2), but asserts that the prosecution's decision to use the admissions for impeachment purposes only, when viewed with the following jury instruction on defendant's drug intoxication defense taken from CJI 6:1:02(2), demonstrates prejudice:

> In determining whether the defendant's mental abilities were so overcome by drugs that he could not have performed [sic] that intent, you may consider such things as the defendant's appearance, his conduct, and his statements and also the amount of drugs consumed and any other circumstances surrounding the charged incident.

It is well settled that absent an objection to jury instructions relief will be given only when necessary to avoid manifest injustice to the defendant. *People v Kelly,* 423 Mich 261; 378 NW2d 365 (1985). Where no request has been made for a limiting instruction on the use of prior inconsistent statements, the general rule is that relief will not be given when there is no demonstration or likelihood of prejudice and where neither the court nor the prosecutor suggested to the jury that prior inconsistent statements could be used as substantive evidence. *People v Kohler,* 113 Mich App 594, 599-600; 318 NW2d 481 (1981); *People v Cox,* 61 Mich App 37; 232 NW2d 188 (1975); *People v Paul Mathis,* 55 Mich App 694; 223 NW2d 310 (1974), remanded on other grounds 395 Mich 788 (1975), *On Remand,* 75 Mich App 320 (1977).

Defendant has not demonstrated the likelihood of prejudice here. Unlike in *Kohler, Cox* and *Mathis,* this is not a case where the inconsistent statements could not have been used as substantive evidence since here the statements were de-

fendant's own admissions. In any event, neither the court nor the prosecutor suggested that defendant's admissions could be used as substantive evidence. Given the overwhelming evidence that defendant committed the acts that the complainant alleged he did, the only probative use of defendant's admissions was to impeach defendant's trial testimony that he had a loss of memory regarding the incident due to marijuana use. The instruction taken from CJI 6:1:02(2) correctly informed the jury that defendant's statements, as well as any other circumstances surrounding the charged incident, i.e., defendant's statement to the complainant that "I'm going to kill you," could be considered in determining defendant's specific intent. Viewed in context, the instruction did not mislead the jury or otherwise prejudice defendant. Therefore, the trial court's failure to sua sponte give a limiting instruction on the use of defendant's admissions is not grounds for relief.

Next, defendant seeks reversal of his kidnapping conviction on the basis that there is insufficient evidence of asportation. We disagree.

When viewing this claim, we must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), cert den 449 US 885 (1980); *People v McFarland,* 165 Mich App 779, 781; 419 NW2d 68 (1988).

Here, defendant was charged with a form of kidnapping involving the forcible or secret confinement of a person. *People v McNeal,* 152 Mich App 404, 409-410; 393 NW2d 907 (1986); *People v Wesley,* 421 Mich 375, 383; 365 NW2d 692 (1984). The jury was instructed that, during the course of such

confinement, the defendant must have "forcibly moved or caused the victim to be moved from one place or another for the purpose of abduction of the victim or to murder the victim." In *Wesley, supra,* p 388, our Supreme Court stated that, where forcible confinement is charged, there must be proof of

> an asportation of the victim which is not merely incidental to an underlying crime *unless* the crime involves murder, extortion or taking a hostage. Asportation incidental to these types of crimes is sufficient asportation for a kidnapping conviction. [Emphasis in original.]

An underlying charge of assault with intent to commit murder, as was originally charged against defendant in this case, is a crime involving murder. Hence, movement of the victim incidental to this crime is sufficient asportation to support a kidnapping conviction. *Wesley, supra,* p 396. Other factors to be considered in determining whether there is adequate asportation are discussed in *People v Adams,* 389 Mich 222, 238; 205 NW2d 415 (1973). There, our Supreme Court indicated that "[i]f the movement adds either a greater danger or threat thereof, that is a factor in considering whether the movement adequately constitutes the necessary legal asportation."

Viewed most favorably to the prosecution, the evidence here was sufficient to establish that defendant moved the complainant for the purpose of murdering her, despite the fact that the jury ultimately convicted defendant of a lesser assault charge, namely, assault with intent to do great bodily harm less than murder, rather than the charged offense of assault with intent to murder. Defendant did not merely grab the complainant,

move her aside, and then assault and rob her. The defendant put a knife to her throat and threatened to kill her as he drove away in her car. A rational trier of fact could conclude that defendant had formulated the intent to kill the complainant at the bank, but had no intention of acting on that intent at that time and did not, in fact, act on his intent to kill until such time as the complainant's constant screams for help motivated him to stop the car.

The evidence was also sufficient to show that defendant moved the complainant for the purpose of abduction as set forth in the jury instructions. If defendant's intent was merely to take complainant's purse, watch and car, he could have easily accomplished this without taking complainant with him. The degree of movement was not merely incidental to any underlying crime but, rather, increased the danger to the complainant. Since a rational juror could find beyond a reasonable doubt that asportation was proven under either the abduction or murder theory contained in the jury instructions, the evidence was sufficient.

Finally, defendant seeks resentencing. Defendant raises no objection to the sentence of twenty to forty years for the kidnapping conviction, but, instead, concedes that it was in compliance with the guidelines. To justify resentencing, defendant looks to the concurrent sentences imposed for the two assault convictions. Defendant asserts that resentencing is in order because, it is claimed, the trial court failed to articulate sufficient reasons for departing from the guidelines for the two assault convictions, failed to place reasons for departure on the sentencing information report for the two assault convictions, and ultimately imposed sentences for the assault convictions that should shock our judicial conscience. Having given careful

consideration to the sentencing record, we find no ground for resentencing.

Where a single offender is sentenced for multiple convictions, the sentencing guidelines manual expressly provides that a SIR need only be prepared for the conviction which carries the "highest statutory maximum." Here, two of defendant's convictions, namely, kidnapping and assault with intent to rob while armed, contain the same statutory maximum of life or any term of years, and defendant's other assault conviction contains a lesser statutory maximum. Although the guidelines manual in effect when defendant was sentenced does not instruct on what is allowed when two multiple convictions have the same highest maximum, this Court has held that the sentencing court may choose to prepare a SIR on either offense, *People v Dowdy,* 148 Mich App 517, 523; 384 NW2d 820 (1986), and the guidelines manual was subsequently amended to expressly allow for this choice.

Based on the foregoing, we conclude that the trial court did more than it was required to do when it completed SIRs for all three of defendant's convictions. The completion of the SIR for the kidnapping offense was sufficient and, hence, the trial court's failure to state reasons for departure on the SIRs for the two assault convictions provides no basis for resentencing. Further, the sentencing record reflects that the trial court gave adequate reasons for the sentences for the assault convictions. Since these concurrent sentences do not shock our judicial conscience, defendant is not entitled to resentencing.

Affirmed.